No. 35,898

STEPHEN A. LOSIER, *Appellant*, v. C. R. SHERMAN and W. E. COURTNEY, *Appellees*.

(138 P. 2d 272)

Opinion filed June 12, 1943.

*Melvin E. Buck,* of Kansas City, was on the briefs for the appellant.
*Robert H. Worline,* of Kansas City, was on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action in which the plaintiff sought an injunction to prevent defendant from subjecting his earnings to garnishment proceedings.

The cause was submitted to the trial court on an agreed statement of facts. The defendant Sherman was engaged in the furniture business and sold plaintiff Losier certain goods. Losier became in default on his payments and Sherman placed his account and claim against Losier with a collecting agency in Kansas City, Mo., for collection, and that agency secured a small payment on account and returned the account to Sherman. Thereafter Sherman brought an action in a justice of the peace court in Wyandotte county, Kansas, and obtained a judgment, and then had garnishment process issue to Losier's employer. Losier is a resident of Kansas, is a married man, the head of a family and needs his earnings for the support and maintenance of his family. The purpose of the present action was to prevent issuance of any further garnishments. The question of law involved was the force and effect of that portion of G. S. 1935, 60-3495, which is hereafter quoted. The trial court was of the opinion that although the judgment creditor had placed the account in the hands of a collection agency, when the account was returned, the exception or proviso hereafter quoted no longer applied and denied the relief sought. The plaintiff appeals.

Prior to the enactment of Laws 1913, chapter 232, the earnings within the preceding three months of a debtor resident within this

state, and necessary for the maintenance of his family, were not subject to garnishment by process from the district court (G. S. 1909, §§ 6126, 6127) or by process from the justice of the peace court (G. S. 1909, § 6526) if requisite showings were made by the judgment debtor.

Laws 1913, chapter 232, amended and repealed G. S. 1909, §§ 6126 and 6127, and repealed G. S. 1909, § 6526. Section 1 of the amending act declared earnings of a debtor for his personal services within the preceding three months exempt when necessary for the use of a family supported by his labor, except as provided in section 2 of the act. Section 1 was amended by Laws 1941, chapter 287, and now appears as G. S. 1941 Supp. 60-3494. Section 2, in effect, permitted garnishment of ten percent of earnings and certain court costs. This section sets out the procedure under which such garnishment proceedings may be had, with various limitations and provisions, only one of which need be noticed. It reads:

"*And provided still further,* That if any person, firm or corporation sells or assigns his account to any person or collecting agency, or sends or delivers the same to any collector or collecting agency for collection, then such person, firm or corporation or the assignees of either shall not have nor be entitled to the benefits of this act:" etc.

This section has not been amended and now appears as G. S. 1935, 60-3495.

Although the judgment above mentioned was obtained in the justice court, by reason of G. S. 1935, 61-1501, provisions of the civil code, which are in their nature applicable to proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices.

Making such application it is clear that in no case may the personal earnings of a debtor under circumstances such as obtain here, be taken in garnishment in excess of ten percent of such earnings, plus not to exceed court costs, and then only in the manner and under the conditions provided in the statute.

Appellant insists the quoted portion of G. S. 1935, 60-3495, means exactly what it says and that appellee having turned his account against appellant over to a collecting agency, may not now have the benefit of the act permitting garnishing of earnings.

Appellee contends that when the account was returned to him he had the same right to institute suit and have proceedings in garnishment as any other person, and the fact the account had been sent

to a collection agency was immaterial, and that to place any other construction on the statute would cause it to operate as a bill of attainder. No authority in support of the latter proposition is cited.

A bill of attainder is a legislative act which inflicts punishment without a judicial trial. (See 12 C. J. 1108; 16 C. J. S. 902; 11 Am. Jur. 1175.) The statute under consideration specifies conditions under which a judgment creditor may have garnishment process against certain earnings of the judgment debtor, with a specific proviso that if any person, firm or corporation sends or delivers his account against another to any collector or collection agency for collection, he shall not be entitled to the benefits of the act. This act, which has been in effect for almost thirty years, does not take from any judgment creditor, without trial, any civil rights or remedy, nor does it inflict any penalty or punishment without a trial. When the debt here involved was incurred, the creditor was bound to take notice of the conditions under which he could seek by garnishment process to levy on the earnings of his debtor if the debtor became in default. The statute conferred a right on the creditor of which he could avail himself if he observed its terms and conditions. The choice was his, and it may not be said the proviso in question is in any sense a bill of attainder.

Nor do we agree with appellee that since the account has been returned to the creditor it is immaterial it previously had been sent to a collection agency. To so hold would be to write into the proviso a condition which the legislature did not see fit to include. If such a condition is to be a part of our statutes pertaining to garnishment, it should be placed there by the legislature.

We think that the portion of the statute quoted above means just what it says, and if a creditor sees fit to send or deliver his account to a collector or collecting agency, he shall not be entitled to the benefits of the statute permitting garnishment of a portion of the earnings of his debtor, as provided in the statutes above mentioned.

The judgment of the lower court is reversed and the cause remanded with instructions to render judgment for the plaintiff.