(No. 29523.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT WOODS, Plaintiff in Error.

*Opinion filed Nov. 20, 1946—Rehearing denied January 20, 1947.*

ALBERT WOODS, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, JOSEPH A. POPE, MELVIN S. REMBE, and W. S. MIROSLAWSKI, all of Chicago, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

An indictment containing a habitual criminal count was returned in the criminal court of Cook county against plaintiff in error, Albert Woods, charging him with the crime of robbery while armed, the prior conviction also being for the crime of armed robbery. After trial by a jury he was found guilty and motions for a new trial and in arrest of judgment being overruled, he was sentenced to the penitentiary for and during the term of his natural life.

Errors assigned by which a reversal of the judgment is sought are: (1) It was error to overrule plaintiff in error's motions for a new trial and in arrest of judgment; (2) the indictment is not in correct form to support a habitual count and it was error to find the defendant guilty as a habitual criminal; and, (3) the conviction is erroneously based on the Habitual Criminal Act of 1883, and is void under the due-process clause of the fourteenth amendment to the constitution of the United States and article II of the constitution of the State of Illinois.

As to the first assignment of error, this cause being here on the common-law record, the ruling on the motion for a new trial cannot be reviewed in the absence of a bill of exceptions.

The second error is as to the form of the indictment necessary to support a habitual count. It is conceded by plaintiff in error that that portion of the indictment charging him with armed robbery is sufficient as to the commission of such offense, but contends that the following paragraphs alleging his former conviction are insufficient because they do not conclude with the words, "contrary to the statute and against the peace and dignity of the People of the State of Illinois." It is apparent, from an examination of the indictment, that the second and third paragraphs, which pertain to the former conviction, specifically charge

that he did commit the crime of armed robbery and the paragraphs concluded that it was "contrary to the statute and against the peace and dignity of the People of the State of Illinois." The fourth paragraph referred to the former conviction paragraphs and alleged such proceedings were had in due form of law, and that punishment of plaintiff in error had been fixed at imprisonment in the penitentiary for a term not to exceed life, and referred to his prior conviction and sentence as aforesaid.

This court, in the case of *People* v. *Langford,* 392 Ill. ·584, said: "The allegations of the prior convictions, as already observed, were not ingredients of the offense charged, but are to be regarded only as matters in aggravation." While the form of the indictment does not seem to be perfect, we think it was sufficiently plain that the nature of the offense could easily be understood by the jury. We have also held that the former offense, making up part of the charge under the Habitual Criminal Act, is solely considered in regard to the matter of penalty and is not a part of the crime. *People* v. *Lawrence,* 390 Ill. 499.

It is next contended that plaintiff in error is deprived of his constitutional rights by reason of his conviction under the Habitual Criminal Act. Aside from the fact that a constitutional question must be raised below and be properly preserved for review in order to be considered, we think that this question as to his constitutional rights has been fully and clearly determined in the case of *People* v. *Lawrence,* 390 Ill. 499. We find the infliction of the increased punishment as a result of plaintiff in error's previous conviction is in accordance with the Habitual Criminal Act and violates none of plaintiff in error's constitutional privileges or immunity.

The judgment of the criminal court of Cook county is affirmed.                                    *Judgment affirmed.*