(No. 32162.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES FRANKLIN JOHNSON, Plaintiff in Error.

*Opinion filed March 20, 1952—Rehearing denied May 19, 1952.*

CHARLES FRANKLIN JOHNSON, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

In 1942, plaintiff in error, hereinafter referred to as defendant, was charged with burglary in each of five separate indictments in the criminal court of Cook County. Each indictment alleged two prior convictions for grand larceny, under the second of which defendant had been found a habitual criminal and under each of which he had been sentenced to the penitentiary. Defendant entered a plea of not guilty, waived his right to trial by jury, and, at the conclusion of the trial, was found guilty by the court on each of the indictments. It was further found in each cause that "he has been heretofore convicted of the crime of Grand Larceny." Motions for new trial and in arrest of judgment were overruled, and sentences of imprisonment for life were imposed. Defendant has brought the causes to this court for review by writ of error. They are presented on the common-law records only.

The assignments of error concern the construction and validity of section 1 of the Habitual Criminal Act. (Ill. Rev. Stat. 1941, chap. 38, par. 602.) It provides as fol-

lows: "Whenever any person who has been convicted of burglary, grand larceny, horse stealing, larceny of a motor vehicle, larceny from the person, rape, robbery, forgery, arson, counterfeiting, kidnapping, confidence game or extortion by threats when the punishment was imprisonment in the penitentiary, shall thereafter be convicted of any of such crimes, committed after the first conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crimes at the time of the last conviction therefor; and whenever any such person, having been so convicted the second time, as above provided, shall be again convicted of any of said crimes, committed after said second conviction, the punishment shall be imprisonment in the penitentiary for a period not less than fifteen (15) years: provided that such former conviction, or convictions, and judgment or judgments shall be set forth in apt words in the indictment."

Defendant first contends that in view of the allegations of the indictment it was mandatory on the court to sentence him as a third offender, under the second clause of the section; that this part of the statute, in requiring imprisonment for "a period not less than" fifteen years, is ambiguous, and, under the rule requiring penal statutes to be strictly construed in favor of the accused, must be read to require fifteen years as both the minimum and maximum punishment for this class of offender. We find it unnecessary to consider the contention relating to construction of the act, for no finding was made by the court that he had previously been convicted for a second time. The judgments merely recite that "he has been heretofore convicted of the crime of Grand Larceny," thus purporting to bring defendant under the first portion of the section quoted. The allegations in the indictments as to former convictions must be supported by evidence, and as the evidence has not been preserved in the record before us, this finding of the court cannot be questioned.

Defendant next contends that in failing to designate a maximum period of imprisonment for third offenders the act is vague, indefinite and uncertain, and is, therefore, void. It is likewise unnecessary to consider this objection, for the reason that defendant was not sentenced under the provisions of the Habitual Criminal Act relating to third convictions. The court did not find a second prior conviction. Defendant is not, therefore, concerned with the punishment which may be imposed for a third conviction. The question does not involve him in any way or affect his punishment, and he is not in a position to raise it. *People* v. *Hanke,* 389 Ill. 602.

It is further argued that the act changes the punishment for the crimes mentioned, that it amends other portions of the Criminal Code by reference to titles only, and that it contravenes section 13 of article IV of the constitution. Such questions were considered by this court in *People* v. *Cohen,* 366 Ill. 190, and decided adversely to contentions now made by defendant. It is unnecessary to consider them again.

Defendant insists the act arbitrarily discriminates between persons who have committed essentially the same quality of crime, and, therefore, violates the equal-protection clause of the fourteenth amendment to the constitution of the United States. In support of his position, defendant points to section 38 of division I of the Criminal Code, providing imprisonment in the penitentiary not less than one year nor more than five years for one found in a building, ship or vessel, with intent to commit a felony, (Ill. Rev. Stat. 1941, chap. 38, par. 86,) and he also refers to the crime of burglary with explosives (Ill. Rev. Stat. 1941, chap. 38, par. 88,) and the crime of embezzlement. (Ill. Rev. Stat. 1941, chap. 38, par. 207.) It is argued that one who had previously been convicted of such crimes escapes the penalties of the Habitual Criminal Act, while

one whose previous conviction was for burglary or grand larceny is subject to the heavier punishment therein provided for subsequent offenses, and that the classification is an unlawful discrimination against the latter. We have held, however, that the classification made by the act is reasonably adapted to secure the purpose for which it was intended and is not arbitrary. *People* v. *Lawrence,* 390 Ill. 499.

We think *Skinner* v. *Oklahoma,* 316 U.S. 535, upon which defendant relies, is distinguishable from the case at bar. The law there under consideration provided for rendering habitual criminals sexually sterile, and defined a habitual criminal as a person who, having been convicted two or more times for crimes amounting to felonies involving moral turpitude, is thereafter convicted of such a felony and sentenced to imprisonment. Certain offenses, including embezzlement, were specifically excepted from the act, but the crime of grand larceny was within its provisions. The court found that under Oklahoma law the offense of larceny did not differ from that of embezzlement except in respects similar to the "technical common law" requirement of a trespass; that under the Oklahoma code they "rate the same" in terms of fines and imprisonment; that the slight distinction in definition of the two crimes was not shown to have any significance in eugenics or the inheritability of criminal traits; and that sterilization of those who have thrice committed grand larceny, with immunity for those who are embezzlers, is an arbitrary discrimination, in violation of the equal protection clause. It will be observed that the decision was based upon the nature of the punishment, and the absence of any showing that a propensity to commit larceny is more inheritable than is a propensity to commit embezzlement. No such problem is presented in the case at bar. The legislature has determined that the heavier punishment for repe-

tition of crime shall be limited to those committing the more serious offenses. It is well settled that the legislature may consider degrees of evil and is not bound to pass such a law as will meet every case. (*People* v. *Lawrence,* 390 Ill. 499.) Defendant has not shown that the Habitual Criminal Act excludes from its terms crimes which are intrinsically the same in quality and punishment as those included, or that the legislature has exceeded its power to classify offenses for the present purpose. We conclude that the act does not contravene the equal protection clause.

Defendant lastly contends that the act violates constitutional requirements of due process and equal protection of the law by leaving it within the discretion of the State's Attorney whether to allege the prior convictions in the indictments. He refers to several purported instances of second or third offenders who were not sentenced under the Habitual Criminal Act, and argues that the act illegally delegates to a public official the power to decide which of the repeating offenders shall be subject to the heavier punishment under the act. We considered a similar contention in *People* v. *Hanke,* 389 Ill. 602, and found it to be clearly without merit. It need not be further discussed here. The additional argument, that in permitting the fact of former convictions to appear in the indictment the act unduly prejudices defendant and deprives him of a fair trial, must also be rejected. The statute does not change the requirements of the law as to the degree and character of proof necessary to establish the principal offense. The fact that allegations and evidence of former convictions might create an adverse impression with the jury or judge is not a denial of due process of law. *People* v. *Manning,* 397 Ill. 358.

For the reasons assigned, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*