

Carl Bachmann, C. Lee Spillers, Wayne Brooks and Lester Hess, all of Wheeling, W. Va., for petitioner.

No appearance for Warden.

WATKINS, District Judge.

Petitioner was sentenced to life imprisonment by the Criminal Court of Harrison County, West Virginia, under the West Virginia Habitual Criminal Act, Code, 61–11–18 et seq. This is a petition for writ of habeas corpus against the warden of the state penitentiary, petitioner claiming that he is now illegally detained. Petitioner also asks leave to proceed in forma pauperis. This court appointed four able and experienced attorneys to represent him. The attorneys appointed were Carl Bachmann, C. Lee Spillers, Wayne Brooks and Lester Hess. These attorneys have gone to the penitentiary and conferred with petitioner. Petitioner says that after he was convicted proof was then offered of two previous convictions. The petition does not allege that Peer has exhausted his state remedies, but this court has learned that he did apply to the Supreme Court of Appeals of West Virginia for a writ of habeas corpus, which was denied, and that on January 28, 1952,

**PEER v. SKEEN.**

No. 607–W.

United States District Court
N. D. West Virginia, Wheeling Division.

Oct. 15, 1952.

922

the Supreme Court of the United States denied certiorari in that habeas corpus proceeding. 342 U.S. 930, 72 S.Ct. 372.

The petition must be dismissed because the petition states no facts which, if true, would justify petitioner's discharge.

 Petitioner bases his claim in part on the ground that the West Virginia Habitual Criminal statute is a bill of attainder. He claims that the statute inflicts punishment without a judicial trial. In People v. Lawrence, 390 Ill. 499, 61 N. E.2d 361, the court stated that an Habitual Criminal Act, S.H.A. ch. 38, § 602, under which punishment is for a new offense only but made heavier by reason of habitual criminality, with respect to which the defendant has been given a judicial trial, does not amount to a condemnation by a statute without a judicial trial so as to constitute such act a bill of attainder. Petitioner admits that after his conviction of the principal offense, proof was then offered of two previous convictions of felony, one in the federal court at Chicago and another in the federal court at Pittsburgh. Petitioner admits these previous convictions, but says that he was not indicted as an habitual criminal. The answer is that no such indictment was needed because he was not tried as an habitual criminal, but was sentenced for a longer period upon conviction of the principal charge because of it. It was so decided by the West Virginia Supreme Court of Appeals. State v. Graham, 68 W.Va. 248, 69 S.E. 1010, 40 L. R.A.,N.S., 924, affirmed 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917. In United States ex rel. Collins v. Claudy, D.C.W.D.Pa., 106 F.Supp. 367, 373, the court said: "The sentence as an habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." An indictment as an habitual criminal is not necessary because defendant is not on trial as an habitual criminal, but is sentenced to a heavy penalty because he is one. The West Virginia statute provides that after conviction of the principal offense, the state may file a bill of information setting forth

two previous convictions of felony. From the facts set forth in petitioner's case it appears that this procedure was followed by the state. Petitioner does not deny the previous convictions, but says that it was unlawful for the state to use federal court records to prove these prior convictions.

 No appeal was taken by Peer from the conviction and sentence imposed upon him. If the state court had proceeded improperly, his remedy was by appeal from that conviction. The writ of habeas corpus can not be used as a substitute for appeal.

The petition will be docketed and dismissed because it does not state a cause of action.