(No. 35060.—

CHARLES FRANKLIN JOHNSON, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed March 20, 1959—Rehearing denied May 19, 1959.*

CHARLES FRANKLIN JOHNSON, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY, and JAMES J. GLASSER, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from an order of the criminal court of Cook County denying the petition of Charles Franklin Johnson for correction of records and relief from judgments. The appeal comes to this court under the provisions of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 72,) and section 14 of division XV of the Criminal Code. Ill. Rev. Stat. 1957, chap. 38, par. 780½; *Schroers* v. *People,* 399 Ill. 428.

In June, 1942, defendant was charged with committing five burglaries under separate indictments, each of which alleged two prior convictions for grand larceny, the second being a conviction under the Habitual Criminal Act. (Ill. Rev. Stat. 1941, chap. 38, par. 602.) He waived trial by jury, was found guilty by the court, and separate judgments were entered finding him guilty of "burglary in manner and form as charged in the indictment and that he has been heretofore convicted of the crime of grand larceny." He was sentenced to a term of life imprisonment in the State penitentiary.

His conviction was reviewed by this court, on a writ of error presenting the common-law record only, in *People* v. *Johnson,* 412 Ill. 109, which affirmed the judgment and sentence. A subsequent attempt to obtain a writ of *certiorari* from the United States Supreme Court was denied.

On July 24, 1952, he filed a petition in the criminal court of Cook County under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1951, chap. 38, par. 826 *et seq.,*) alleging that the trial court had failed to properly construe and

apply the Habitual Criminal Act; that the trial court's circumvention of the Habitual Criminal Act encroached on legislative powers; that the trial court exceeded its jurisdiction by imposing a life sentence; and that he had satisfied the maximum sentence which could have been legally imposed under that act. After a hearing, his petition was denied in February, 1953.

In July, 1953, he filed a petition in this court, *pro se in forma pauperis,* for a writ of error to review the denial of relief under the Post-Conviction Hearing Act. We considered the petition, along with the complete record of the case, and in September, 1953, entered a memorandum order denying the petition. *People* v. *Johnson,* Sup. Ct. Memo. No. 1672.

On December 9, 1957, he filed his petition in the criminal court of Cook County under section 72 of the Civil Practice Act for correction of the records of his original trial in 1942 and for relief from the judgments entered against him therein. This petition recites the facts concerning the indictments, trial, sentence and incarceration in 1942; quotes excerpts from the written judgments, from statements made by the trial judge prior to sentence and judgments, and from the records of the clerk of the criminal court. It relates the facts concerning the first review by this court, the proceedings under the Post-Conviction Hearing Act and our order denying his writ of error therein. It then sets forth notations from the clerk's docket book and from the clerk's journal showing the respective entries made in each during his trial. He alleges he had no knowledge of alleged discrepancies between the entries shown in these two record books until they were examined in February, 1956. It continues with averments that the trial court erred in rendering the sentence against him; that the trial court's circumvention of the statute encroached on legislative powers; that he has served the maximum sentence that could have been legally imposed under the

Habitual Criminal Act, as it existed in 1942; that the clerk fraudulently altered the oral findings and sentence imposed by the trial judge; and that he has been denied relief because of the fraudulent records and, as a result, he was denied due process and equal protection of the laws in that he was not sentenced according to law. The petition prays for a hearing, correction of the records and for relief in accordance with right and justice.

A hearing was held before circuit judge Charles S. Dougherty on March 11, 1958, at which hearing the defendant, assisted by court-appointed counsel, appeared in person to present his case. After a hearing, an order was entered denying his petition and defendant has appealed from this order.

It is difficult to follow defendant's contentions, particularly since he insists upon presenting matters which have heretofore been reviewed by this court. The contention that there is a variance between the entries in the clerk's docket book and the clerk's journal and a further variance between the oral statements or judgments made by the trial judge and the record has not been previously considered. We deem it unnecessary to set forth verbatim the entries complained of in the docket and journal. They are accurate, albeit abbreviated, memorials of the findings of guilty by the trial judge and the imposition of the life sentence as punishment therefor, all of which are properly recorded in the written judgments entered in each of the five cases. The validity of the judgments are not impaired because of a lack of a felicitous mode of expression, (*People* v. *Ferguson,* 410 Ill. 87,) nor from any memorial or other evidence in this record by which we can determine that there was in fact a misprision or mistake. (*People* v. *Duden,* 3 Ill.2d 16; *People* v. *Walker,* 409 Ill. 232; *People* v. *Flannigan,* 398 Ill. 55.) In one sense the oral statement made by a trial judge relative to his conclusions and the sentence to be imposed is a judgment, but that does not mean that

the statement need be in the exact words of the formal judgment as finally recorded. We find no merit in these contentions.

All other errors alleged having been previously considered in the prior appeals (*People* v. *Johnson*, 412 Ill. 109; *People* v. *Johnson*, Sup. Ct. Memo., No. 1672,) are *res adjudicata* and may not again be put in issue. *People* v. *Johnson*, 15 Ill.2d 244; *Ephraim* v. *People*, 13 Ill.2d 456.

Accordingly, the order of the criminal court of Cook County is affirmed.

*Order affirmed.*