Eugene VELARDE, Petitioner–Appellant,

v.

Aristedes ZAVARAS and Donice Neal, Respondent–Appellee.

No. 97SA331.

Supreme Court of Colorado, En Banc.

June 8, 1998.

Eugene Velarde, Canon City, Pro Se.

Gale Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Robert Mark Russel, First Assistant Attorney General, Matthew S. Holman, Assistant Attorney General, Criminal Enforcement Section, Denver, for Respondent.

PER CURIAM.

The petitioner in this habeas corpus proceeding, Eugene Velarde, pro se, asserts that the Colorado habitual criminal statutory scheme is an unconstitutional bill of attainder. The district court denied Velarde's petition for writ of habeas corpus without holding a hearing. We affirm the judgment of the district court.

I.

On April 9, 1993, Velarde was convicted of the unlawful distribution of a Schedule 1 controlled substance, see §§ 18–18–203, –405, 8B C.R.S. (1992 Supp.), and conspiracy, see §§ 18–18–203, –405, 8B C.R.S. (1992 Supp.). These offenses occurred on December 9, 1992. He was also adjudged an habitual criminal pursuant to section 16–13–101(2), 8A C.R.S. (1986), since he had been previously convicted of at least three other felonies, and sentenced to imprisonment for his natural life.

He filed the petition for writ of habeas corpus in Fremont County District Court on June 6, 1997, asserting that the Colorado habitual criminal statutes, §§ 16–13–101 to –103, 8A C.R.S. (1986 & 1992 Supp.) (the Act) constituted an unconstitutional bill of attainder. The district court denied the petition without holding a hearing, concluding "that Colorado's Habitual Criminal Statute does not violate the provision of the United States Constitution dealing with Bills of Attainder." *Velarde v. Zavaras,* No. 97CV162 (Fremont County Dist. Ct. June 23, 1997).

Velarde filed a notice of appeal in the Colorado Court of Appeals. On September 11, 1997, the court of appeals transferred the case to this court because we have exclusive jurisdiction over an appeal from a final judgment of a district court in a habeas corpus case. *See* § 13–4–102(e), 5 C.R.S. (1997).

■ As an initial matter, however, this case should not have been brought as a petition for habeas corpus. "Generally, a court will not consider a request for habeas corpus relief unless the petitioner has no other forms of relief available." *Johnson v. Gunter,* 852 P.2d 1263, 1265 (Colo.1993). We can, and do, take judicial notice that Velarde's direct appeal of the convictions pertinent to this case is currently pending in the Colorado Court of Appeals. *See People v. Velarde,* Nos. 97CA0146 & 97CA0191. The allegation that the Act is unconstitutional should be brought either on direct appeal or in a motion for postconviction relief. Therefore, habeas relief is unavailable.

■ Under our previous cases, the habeas court, rather than denying the petition outright, should have transferred it to the original trial court for purposes of the direct appeal or a Crim.P. 35(c) postconviction motion. Under limited circumstances, however, we have elected to retain appellate jurisdiction in the interest of judicial economy. *See Duran v. Price,* 868 P.2d 375, 378 (Colo. 1994). In this case, since Velarde's petition for habeas relief discloses on its face that he is not entitled to relief, remand would be pointless, and we have decided to retain jurisdiction.

## II.

The Act has subsequently been amended, but at the time of Velarde's offenses in December 1992 and at his trial in early 1993, section 16–13–101(2), 8A C.R.S. (1986), provided:

> (2) Every person convicted in this state of any felony, who has been three times previously convicted, upon charges separately brought and tried, and arising out of separate and distinct episodes, either in this state or elsewhere, of a felony ... shall be adjudged an habitual criminal and shall be punished by imprisonment in a correctional facility for the term of his or her natural life.

Habitual criminal statutes have been challenged on several constitutional grounds without success. As we said in *People v. Thomas,* 189 Colo. 490, 494, 542 P.2d 387, 390 (1975):

> Both the United States Supreme Court and the Colorado Supreme Court have ruled unequivocally that habitual criminal statutes are constitutional despite contentions that they violate constitutional strictures dealing with double jeopardy, *ex post facto* laws, cruel and unusual punishments, due process, equal protection, and privileges and immunities. *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1964)[(1967)]; *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); *Bernard v. Tinsley,* 144 Colo. 244, 355 P.2d 1098 (1960); *Vigil v. People,* 137 Colo. 161, 322 P.2d 320 (1958).

Neither our court nor the Supreme Court has specifically considered whether an habitual criminal statute is a bill of attainder, but other courts have and have consistently ruled that they are not. *See, e.g., Byers v. Crouse,* 339 F.2d 550, 552 (10th Cir.1964); *Peer v. Skeen,* 108 F.Supp. 921, 922 (N.D.W.Va. 1952); *People v. Israel,* 91 Cal.App.2d 773, 206 P.2d 62, 69 (1949); *People v. Lawrence,* 390 Ill. 499, 61 N.E.2d 361, 364 (1945); *Hamilton v. State ex rel. Van Natta,* 163 Ind.App. 342, 323 N.E.2d 659, 660–61 (1975), *appeal dismissed for want of a substantial federal question,* 424 U.S. 901, 96 S.Ct. 1092, 47 L.Ed.2d 306 (1976).

Article I, Section 10(1) of the United States Constitution provides, "No state shall ... pass any bill of attainder...." A legislative act that applies to named individuals, or members of an easily ascertainable group, and that imposes punishment upon those individuals without the benefit of a criminal trial, is a bill of attainder. *See United States v. Lovett*, 328 U.S. 303, 315, 106 Ct.Cl. 856, 66 S.Ct. 1073, 90 L.Ed. 1252 (1946).

"A bill of attainder is a legislative act which inflicts punishment without a judicial trial. If the punishment be less than death, the act is termed a bill of pains and penalties. Within the meaning of the Constitution, bills of attainder include bills of pains and penalties." *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 323, 18 L.Ed. 356 (1866). For our purposes, this is the key characteristic of a bill of attainder.

An habitual criminal statute like the Act does not impose punishment without a trial. The Act creates no new offense, "but instead defines circumstances where one found guilty of a specific crime may be more severely penalized because of previous criminality." *People v. Watkins*, 684 P.2d 234, 238 n. 7 (Colo.1984). It only comes into play after a defendant is convicted of a specific, new offense (in this case unlawful distribution and conspiracy to commit unlawful distribution of a controlled substance), following a judicial trial. Once Velarde was found guilty of the 1992 offenses, his sentence was enhanced following a determination that he had previously been convicted of three other felonies. *See* § 16–13–101(2), 8A C.R.S. (1986). Since Velarde's sentence in this case was imposed only after a judicial trial, as the Act required, the Act is not a bill of attainder. *See Lawrence*, 61 N.E.2d at 364.

### III.

Accordingly, Velarde's petition for habeas corpus is without merit and we affirm the judgment of the district court in denying relief.

BENDER, J., does not participate.