**Gillie R. GARCIA, Petitioner–Appellant,**

v.

**Aristedes W. ZAVARAS, Executive Director, Department of Corrections; Joseph Paolino, Superintendent, Centennial Correction Facility, Respondents–Appellees.**

**No. 98SA17.**

Supreme Court of Colorado,
En Banc.

June 15, 1998.

Gillie R. Garcia, Cañon City, Pro Se.

No Appearance by or on behalf of Respondents–Appellees.

**PER CURIAM.**

The petitioner in this habeas corpus proceeding, Gillie R. Garcia, pro se, claims that the Colorado Habitual Criminal Act constitutes an unconstitutional bill of attainder. The district court denied Garcia's petition for writ of habeas corpus without holding a hearing. We affirm the judgment of the district court.

### I.

On February 15, 1989, Garcia was convicted in the Jefferson County District Court of six counts of aggravated robbery and six counts of crime of violence. He was also adjudged an habitual criminal pursuant to section 16–13–101(2), 8A C.R.S. (1986), and sentenced to imprisonment for his natural life.

He filed the petition for writ of habeas corpus in Fremont County District Court on June 27, 1997, alleging that the Colorado Habitual Criminal Act, §§ 16–13–101 to –103, 8A C.R.S. (1986) (the Act), was an unconstitutional bill of attainder. The district court denied the petition without holding a hearing, concluding that Garcia's "assertion that the habitual criminal statutes of Colorado exist and are applied in violation of the constitutional prohibition against bills of attainder is not supportable." *Garcia v. Zavaras*, No. 97CV184 (Fremont County Dist. Ct. Oct. 22, 1997). Garcia then filed the proceeding in this court, making the same assertion.

We have recently decided this same issue adversely to Garcia's claim. *See Velarde v. Zavaras,* 960 P.2d 1162, 1164 (Colo.1998). As we discussed in *Velarde,* this type of claim should have been brought on direct appeal or in a postconviction proceeding under Crim. P. 35(c), not as a petition for habeas corpus. *See Velarde,* at 1163. However, in the interest of judicial economy, we will retain appellate jurisdiction and reach the merits of Garcia's claim. *See id.* at 1163.

## II.

At the time of Garcia's offenses, section 16-13-101(2), 8A C.R.S. (1986), provided:

> (2) Every person convicted in this state of any felony, who has been three times previously convicted, upon charges separately brought and tried, and arising out of separate and distinct episodes, either in this state or elsewhere, of a felony ... shall be adjudged an habitual criminal and shall be punished by imprisonment in a correctional facility for the term of his or her natural life.

Article I, Section 10(1) of the United States Constitution provides, "No state shall ... pass any bill of attainder...." "A legislative act that applies to named individuals, or members of an easily ascertainable group, and that imposes punishment upon those individuals without the benefit of a criminal trial, is a bill of attainder. *See United States v. Lovett,* 328 U.S. 303, 315, 106 Ct.Cl. 856, 66 S.Ct. 1073, 90 L.Ed. 1252 (1946)." *Velarde,* No. 97SA331, slip op. at 5.

The Act does not create a new offense; it only makes the punishment for a specific crime more severe because of the defendant's prior criminal convictions. *People v. Watkins,* 684 P.2d 234, 238 n. 7 (Colo.1984). Since the Act only applies after a defendant is convicted following a criminal trial or plea of guilty, the Act is not a bill of attainder. *See Velarde v. Zavaras,* No. 97SA331, slip op. at 6.

## III.

Accordingly, Garcia's petition for habeas corpus is without merit and we affirm the judgment of the district court in denying relief.