563 P.2d 402

**Walter Dale BALLA, Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 12314.**

Supreme Court of Idaho.

April 27, 1977.

Alan E. Trimming, of Charles F. McDevitt & Associates, Boise, for appellant.

Wayne L. Kidwell, Atty. Gen., James F. Kile, Asst. Atty. Gen., Boise, for respondent.

## PER CURIAM.

This is an appeal from the dismissal of a petition filed by Walter Dale Balla, petitioner-appellant, under Idaho's Post-Conviction Procedure Act, I.C. § 19–4901.

Balla escaped from the Idaho State Correctional Institution in July 1973, was found in the state of Washington and extradited to Idaho. Here he was charged with the crime of escape, I.C. § 18–2505 and in addition it was alleged that he was a persistent violator, I.C. § 19–2514. Following trial, Balla was found guilty of both the escape and being a persistent violator. Balla filed for post-conviction relief, I.C. § 19–4901, which petition was dismissed by the lower court in its memorandum decision and order of June 14, 1976.

■ No issue is raised in this appeal as to the legality or merits of the extradition procedure, the merits or legality of the judgment of conviction of escape nor is there any argument as to the existence of questions of fact. Petitioner on appeal asserts only that the lower court erred in failing to give petitioner notice of its intention to dismiss the petition. Petitioner argues that such action is contrary to the provisions of I.C. § 19–4906(b) which provides in part:

"It (the court) may indicate to the parties its intention to dismiss the application and its reason for doing so. The applicant shall be given an opportunity to reply within twenty (20) days to the proposed dismissal."

Since the said statute is couched in the permissive term "may" and since admittedly no questions of fact were then in issue, we find no error in procedure used by the trial court. I.C. § 19–4906(c) provides authority for summary disposition of a petition for post-conviction relief in stating:

"The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and a moving party is entitled to judgment as a matter of law."

We further note that two days following the entry of dismissal Balla wrote the district court and that correspondence, broadly taken, can be construed as a petition for reconsideration. Further, almost immediately thereafter this appeal was filed. Hence, even if petitioner is correct, no prejudice resulted.

■ Clearly no questions of fact existed and petitioner admits that only legal issues existed in the lower court and exist here. Balla argues that the trial court erred in failing to consider petitioner's assertion of the unconstitutionality of the persistent violator statute, I.C. § 19–2514, in that it is selectively and non-uniformly enforced. We disagree. The statute does not violate the Equal Protection Clause. *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); *State v. Polson,* 93 Idaho 912, 478 P.2d 292 (1970).

■ Petitioner also asserts that since the state of Idaho extradited him from the state of Washington for the crime of escape, it was somehow barred from thereafter prosecuting him also for the status offense of being a persistent violator, convicting him and sentencing him therefor. That argument is answered by the previous holdings of this Court that the provisions of I.C. § 19–2514 do not specify a new crime, but merely provide for the increased punishment of a person who has three times previously been convicted of a felony. *State v. Johnson,* 86 Idaho 51, 383 P.2d 326 (1963); *State v. Dunn,* 91 Idaho 870, 434 P.2d 88 (1967); *Clark v. State,* 92 Idaho 827, 452 P.2d 54 (1969). It is also clear that before a fugitive may be extradited, he must be charged with a crime within the jurisdiction of the demanding state. I.C. § 19–4501 et seq.; *Norton v. State,* 93 Idaho 648, 470 P.2d 413 (1970) cert. denied 401 U.S. 936, 91 S.Ct. 918, 28 L.Ed.2d 215. Hence, the only "crime" for which Balla could be charged at the time of extradition was that of escape.

The order of the trial court dismissing the petition of appellant Balla is affirmed.