190 P.3d 193

STATE of IDAHO, Plaintiff–Respondent,

v.

Lonnie Lee HAGGARD, Defendant–Appellant.

No. 33948.

Court of Appeals of Idaho.

May 6, 2008.

Rehearing Denied May 29, 2008.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

## SUBSTITUTE OPINION

## THE COURT'S PRIOR OPINION DATED FEBRUARY 11, 2008, IS HEREBY WITHDRAWN

GUTIERREZ, Chief Judge.

Lonnie Lee Haggard appeals from the denial of his Idaho Criminal Rule 35 motion to correct an illegal sentence. We affirm.

## I.

## BACKGROUND

In November of 1989, Haggard was found guilty of two counts of burglary, I.C. §§ 18–1401, 18–1402, 18–1404,[1] aggravated battery with the intent to commit rape, I.C. §§ 18–911, and two counts of misdemeanor petit theft, I.C. §§ 18–2403(1), 18–2407. Haggard also was found to be a persistent violator and therefore subject to a sentence enhancement pursuant to I.C. § 19–2514. The district court sentenced Haggard to concurrent unified terms of twenty-five years, with fifteen years determinate on each of the felonies and imposed a jail term of 127 days for the misdemeanor charges, with credit for 127 days served. In January of 2007, Haggard filed a Rule 35 motion to correct an illegal sentence, contending that the persistent violator enhancement statute is an illegal bill of attainder and violates the equal protection and due process clauses of the United States Constitution and the Idaho Constitution. The district court denied Haggard's motion. Haggard appeals that denial, again contending that the persistent violator enhancement is an illegal bill of attainder that violates his equal protection and due process rights.

## II.

## DISCUSSION

### A. Idaho Code Section 19–2514 is Not a Bill of Attainder

 Haggard claims that his sentence is illegal because of the enhancement for being a persistent violator. He asserts that Idaho's persistent violator statute, I.C. § 19–2514, is a bill of attainder prohibited by the United States Constitution and the Idaho Constitution. The United States Constitution, in denying powers to the states, declares that "no state shall . . . pass any bill of attainder." U.S. CONST. art. I, § 10. Similarly, the Idaho Constitution states that "[n]o bill of attainder . . . shall ever be passed." IDAHO CONST. art. I, § 16. A bill of attainder is any legislation that targets an easily ascertainable group, determines guilt, and inflicts punishment without the protections of a judicial trial. *United States v. Brown*, 381 U.S. 437, 448–49, 85 S.Ct. 1707, 1714–15, 14 L.Ed.2d 484, 491–92 (1965); *State v. Lovelace*, 140 Idaho 53, 71, 90 P.3d 278, 296 (2003), *on reh'g* 140 Idaho 73, 90 P.3d 298

---

1. Idaho Code Sections 18–1402, addressing the degrees of burglary, and 18–1404, defining the element of "night time," were both repealed in 1992. Idaho no longer recognizes degrees of burglary. A current conviction for burglary arises as a violation of I.C. §§ 18–1401, 18–1403.

(2004); *State v. Gee*, 107 Idaho 991, 993, 695 P.2d 376, 378 (1985).

Idaho's persistent violator statute provides, in relevant part, that:

> [a]ny person convicted for the third time of the commission of a felony ... shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

I.C. § 19–2514. Whether this constitutes a bill of attainder has never been addressed in Idaho, although other states have analyzed their own, similar statutes for the same issue. *See, e.g., People v. Israel*, 91 Cal.App.2d 773, 206 P.2d 62, 69 (1949) (declaring that the state's habitual offender enhancement is constitutional and not a bill of attainder); *Velarde v. Zavaras*, 960 P.2d 1162, 1163–64 (Colo.1998) (analyzing the state's habitual criminal statute and determining that it is not an illegal bill of attainder); *People v. Lawrence*, 390 Ill. 499, 61 N.E.2d 361 (1945) (upholding the state's Habitual Criminal Act against challenge that it was bill of attainder); *Keeby v. State*, 511 N.E.2d 1005, 1009 (Ind.1987) (finding no violation of the constitution regarding bills of attainder or *ex post facto* laws by the state's habitual offender statute); *State v. Thorne*, 129 Wash.2d 736, 921 P.2d 514 (1996) (confirming that the state's Persistent Offender Accountability Act is not a bill of attainder).

■ The first indicator of a bill of attainder is the specificity of the persons who are affected by the legislation. *Langford v. Day*, 134 F.3d 1381, 1382 (9th Cir.1998); *Lovelace*, 140 Idaho at 71, 90 P.3d at 296. Idaho's persistent violator statute provides no readily ascertainable group of persons who will be subjected to the enhanced penalty. Any person in the entire United States who commits a felony in Idaho may be subject to I.C. § 19–2514 if he or she has two prior felony convictions, regardless of what state entered the judgment of conviction. I.C. § 19–2514 (applying the enhancement to "[a]ny person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or

were had outside the state of Idaho...."). While the group of persons in this country who have committed two felonies can be identified, there is no way to know which of those persons will commit a third felony, and do so within Idaho's borders. The group of individuals affected by I.C. § 19–2514 is neither specific, nor ascertainable. *See Thorne*, 921 P.2d at 525 (holding that there is no specific group targeted by the legislation because "those with two convictions ... can avoid the enhanced sentence by not committing the third offense").

■ The second characteristic of a bill of attainder is that it imposes punishment on the specified group or individual. *Langford*, 134 F.3d at 1382; *Lovelace*, 140 Idaho at 71, 90 P.3d at 296. Idaho has long held that the persistent violator statute does not impose punishment for past criminal activities; rather "[i]t is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *State v. Polson*, 93 Idaho 912, 914, 478 P.2d 292, 294 (1970) (quoting *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258–59, 92 L.Ed. 1683, 1687–88 (1948)); *see also State v. Martinez*, 107 Idaho 928, 929–30, 693 P.2d 1130, 1131–32 (Ct.App.1985) (finding that only one sentence is imposed as a result of a persistent violator statute, and that a "state is justified in punishing a recidivist more severely than it punishes a first offender"). Idaho's persistent violator law does not create a new offense requiring punishment either, but rather renders a person convicted liable to punishment in excess of that which might have been inflicted upon him had he not been twice previously convicted. *State v. Johnson*, 86 Idaho 51, 57, 383 P.2d 326, 329 (1963); *see also Velarde*, 960 P.2d at 1164; *Lawrence*, 61 N.E.2d at 364. While I.C. § 19–2514 does enhance the punishment applicable for the third and future felony convictions, it does not impose punishment independently of that new conviction.

■ Finally, a bill of attainder imposes punishment on the specified group without the protection of a judicial trial. *Langford*, 134 F.3d at 1382; *Lovelace*, 140 Idaho at 71, 90 P.3d at 296. In order for a person to be sentenced as a persistent violator, the prior

convictions relied upon to invoke I.C. § 19–2514 must be alleged in the indictment or information and proved at trial. *State v. Martinez,* 102 Idaho 875, 880, 643 P.2d 555, 560 (Ct.App.1982). Whether the trial is before a judge or a jury, the defendant is guaranteed the protections of the judicial process prior to a finding that he is a persistent violator. *See Velarde,* 960 P.2d at 1164; *Thorne,* 921 P.2d at 525. In this case, Haggard was alleged to be a persistent violator in an Information Part II. After a finding of guilt on the charges in this case, the jury was presented with evidence of Haggard's prior felonies. The jury returned a supplemental verdict concluding that Haggard had committed at least two felonies prior to commission of the crimes at issue in this case. Haggard received all of the judicial protections that could be afforded him.

Idaho's persistent violator statute is not an illegal bill of attainder; it doesn't single out a specific group or individual, it does not impose punishment, and judicial protections are a required prerequisite to the imposition of an enhanced sentence pursuant to its terms.

**B. Application of I.C. § 19–2514 Does Not Violate the Equal Protection Clause**

 Haggard also claims that using a prior conviction for grand theft, I.C. §§ 18–2403, 18–2407, to enhance the sentence on his current charges violates the due process and equal protection clauses of the United States and Idaho constitutions. He construes the sentencing options for grand theft found in I.C. § 18–2408(1) to mean that a violation may result in either a misdemeanor or a felony conviction. Accordingly, only certain persons with a conviction for grand theft will be subject to an enhanced sentence pursuant to I.C. § 19–2514, thus creating two discernible classes of people convicted of grand theft, and violating the guarantee of equal protection.[2] The state counters with the argument that the Idaho Supreme Court already upheld I.C. § 19–2514 in the face of claims that

it violates the equal protection clause through selective or non-uniform enforcement. *See Balla v. State,* 98 Idaho 344, 345, 563 P.2d 402, 403 (1977), *overruled on other grounds by Cherniwchan v. State,* 99 Idaho 128, 578 P.2d 244 (1978).

 The equal protection clauses of the state and federal constitutions embrace the principle that all persons in like circumstances should receive the same benefits and burdens of the law. *State v. Breed,* 111 Idaho 497, 500, 725 P.2d 202, 205 (Ct.App. 1986). Equal protection issues focus upon classifications within statutory schemes that allocate benefits or burdens differently among the categories of persons affected. *Id.* In *Balla,* 98 Idaho at 345, 563 P.2d at 403, the Supreme Court unequivocally held that I.C. § 19–2514 does not violate the equal protection clause. Despite this clear holding, Haggard nevertheless argues that it does.

Haggards's argument arises from I.C. § 18–111 which defines felonies and misdemeanors. That section states, in relevant part, that "[w]hen a crime punishable by imprisonment in the state prison is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison." I.C. § 18–111. Grand theft, depending on how it was committed, is punishable by a fine up to ten thousand dollars ($10,000), or "imprisonment in the state prison for not less than one (1) year nor more than twenty (20) years, or by both such fine and imprisonment." I.C. § 18–2408(1), (2). Although it is true that a person convicted of grand theft may be ordered to pay a fine and serve no time in prison, all forms of this crime are specifically designated as felonies. *Id.*

The Idaho Supreme Court discussed the applicability of I.C. § 18–111 in *State v. O'Dell,* 71 Idaho 64, 225 P.2d 1020 (1950). In that case, the Court held that section 18–111

---

2. Haggard asserts that convictions which violate the equal protection clause are used in an arbitrary and capricious manner to enhance sentences pursuant to I.C. § 19–2514; this also violates due process rights. However, Haggard provides neither argument nor authority to support this proposition. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko,* 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore Haggard's claim of a due process violation will not be addressed further.

did not apply to a burglary conviction regardless of the sentence imposed because the only sentence authorized was imprisonment in the state prison. There is no option for alternate sentencing. *Id.* at 69, 225 P.2d at 1022. Hence, a reduction in sentence to six months in the county jail pursuant to I.C. § 19–2601, while potentially indicative of a misdemeanor conviction, still resulted in a felony conviction for burglary. *O'Dell* at 69, 225 P.2d at 1022. The Court compared the punishment for burglary with the punishment for adultery; adultery is punishable:

> by a fine of not less than $100, or by imprisonment in the county jail for not less than three months, or by imprisonment in the state penitentiary for a period not exceeding three years, or in the county jail for a period not exceeding one year, or by a fine not exceeding $1000.

Idaho Code Section 18–6601. The adultery statute clearly provides for alternate sentencing, and a determination of the severity of the crime based upon the punishment actually imposed. Burglary, on the other hand, does not provide for any options other than imprisonment in the state prison.

Although grand theft does provide for imposition of a fine in addition to imprisonment in the state prison, or both, it more closely resembles the burglary statute than it does the adultery statute. A literal reading of section 18–111 implies that grand theft provides for alternate sentencing and classification as a misdemeanor if only a fine is imposed. However, such a narrow reading defies common sense. First, there is no doubt that a conviction for grand theft results in a felony; the statute explicitly designates it as such. Second, the legislature expressly allows a felony to be punished through the imposition of a fine without changing the nature of the conviction. "In addition to any other punishment prescribed for felonies in specific statutes of the Idaho Code, the court may also impose a fine of up to fifty thousand dollars ($50,000)." I.C. § 18–112A. This statute does not create alternate sentencing for every crime designated a felony in the Idaho Code. Section 18–111 only applies to crimes that provide for alternate sentencing and are not statutorily designated as a felony or a misdemeanor. Grand theft is not one of those crimes.

"[W]here the statute defines the crime as a felony with no alternate sentence, the punishment actually imposed is not controlling in determining whether the crime is a felony or a misdemeanor." *O'Dell*, 71 Idaho at 69, 225 P.2d at 1022. Grand theft does not provide for alternative sentencing; a conviction is always a felony, and therefore all persons convicted of grand theft in Idaho will have acquired one felony conviction for enhancement purposes. Since there is no discernible classification of persons convicted of grand theft, there can be no equal protection violation in the application of I.C. § 19–2514.

## III.

## CONCLUSION

The district court did not abuse its discretion by denying Haggard's Rule 35 motion for correction of an illegal sentence, as the sentence was not illegal. Idaho's persistent violator statute is not a bill of attainder, and its application does not violate equal protection requirements. Accordingly, the order of the district court denying Haggard's Rule 35 motion is affirmed.

Judge LANSING and Judge PERRY concur.

