NO. _____

IN THE


# COURT OF CRIMINAL APPEALS

### OF TEXAS
### AUSTIN, TEXAS

---

**EX PARTE TERRANCE HENRY**
**Appellant**

**v.**

**THE STATE OF TEXAS,**
**Appellee**

---

# *APPELLANT'S*
# *PETITION FOR DISCRETIONARY REVIEW*

**No. 05-14-00197-CR**
**COURT OF APPEALS**
**FOR THE FIFTH DISTRICT OF TEXAS**
**AT DALLAS, TEXAS**

---

On appeal from Cause Number F-09-0959736-W
in the 363RD  Criminal District Court
of Dallas County, Texas
Honorable Tracy Holmes, Judge Presiding

---

JOHN TATUM
990 SOUTH SHERMAN STREET
RICHARDSON, TEXAS 75081
(972) 705-9200
BAR NO. 19672500
jtatumlaw@gmail.com
ATTORNEY FOR APPELLANT

**TABLE OF CONTENTS**

PAGE

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-iv

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . 1

STATEMENT OF CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

STATEMENT OF THE PROCEDURAL HISTORY.. . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**1. The Court of Appeals erred in holding that Henry's automatic new punishment of life with parole on remand did not violate the Eighth Amendment to the United States Constitution based on decisions of this Honorable Court in *Turner v. State*, 443 S.W.3d 128 (Tex. Crim. App. 2014) and *Lewis v. State*, 428 S.W. 3d 860, 863 (Tex. Crim. App. 2014).**

**2. The Court of Appeals erred in holding that the trial court's application of the 2013 amendment to section 12.31 P.C. when resentencing Henry was not an unconstitutional ex post facto application fo the amended law.**

**3. The Court of Appeals erred in holding that Henry's punishment on remand does not violate Henry's right to due process.**

**4. The Court of Appeals erred in holding that Henry's punishment on remand pursuant to the 2013 amendment to section 12.31 P.C. did not constitute unconstitutional "Bill of Attainder."**

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF WORD COUNT. . . . . . . . . . . . . . . . . . . . . . .  10

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . .  11

APPENDIX A      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

# INDEX OF AUTHORITIES

FEDERAL CASES:

***Graham v. Florida***
560 U.S. (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

***Miller v. Alabama***
132 S.Ct. 2455 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-6

***U.S. v. Obrien***
391 U.S. 367, 88 S.Ct. 1073, 20 L.Ed. 2d. 672 (1968). . . . . . . . . . . . . . . . . . . . . . 7

***U.S. v. Patzer***
15 F3d 944 (10th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

***U.S. v. Staten***
466 F.3d 708 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

***U.S. v. Wade***
435 F.3d 829 (8th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

STATE CASES:

***Lewis v. State***
428 S.W. 3d 860, 863 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . . . . . . . . . . 4

***Lopez v. State***
928 S.W.2d 528 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . 6

***State v. Hazzard***
146 Idaho 37, 190 P3d 193 (Ct. App. 2008) . . . . . . . . . . . . . . . . . . . . . . . . 7

***State v. Jones***
192 Wis 2d 78, 532 N.W.2d 79 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

***State v. Manussier***
129 Wash 2d 652, 921 P2d 473 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

***Turner v. State***
443 S.W.3d 128 (Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

STATUTES, RULES:
8th amendment to the United States Constitution . . . . . . . . . . . . . . . . . . . . . . . 3,5

Sec. 12.31 P.C. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,5

Sec. 19.01 P.C. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Article I § 10, of the United States Constitution . . . . . . . . . . . . . . . . . . . . . . . . 6

Article One, Section Sixteen of the Texas Constitution. . . . . . . . . . . . . . . . . . . . 9

Article One Section Nine of the U.S. Constitution . . . . . . . . . . . . . . . . . . . . . . . 9

**TO THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS**

**TERRANCE HENRY,**                                                                                  **Appellant**

**v.**

**THE STATE OF TEXAS**                                                                              **Appellee**

\*\*\*\*\*

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

\*\*\*\*\*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now the Appellant/Petitioner and respectfully urge the Court to grant discretionary review of the above named cause.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant/Petitioner does not request oral argument at this time; however, if discretionary review is granted Appellant/Petitioner requests oral argument on any issue granted review.

## STATEMENT OF CASE

On March 1, 2011, a trial was held in Cause No. F09-59736-W before the Honorable Tracy F. Holmes, Judge presiding of the 363rd Judicial District Court of Dallas County, Texas, and a jury. The Defendant, Terrance Henry, entered a plea of not guilty to the offense of capital murder as charged in the

indictment. (RR: Vol.4 p. 5) The jury found the Defendant, who was seventeen years old at the time of offense, guilty of capital murder. (RR: Vol. 7 p. 102) The jury sentenced the Defendant to confinement for life in the Institutional Division of Texas Department of Criminal Justice without parole as required by law. (RR: Vol. 7 p. 104) While Henry's appeal was pending the United States Supreme Court held that the Eighth Amendment to the United States Constitution forbids a sentencing scheme for juvenile offenders in which life without parole is mandatory rather than based on an individualized sentencing assessment. Henry's first appeal, 05-11-00676-CR was reversed and remanded for a new punishment hearing. On remand, the trial court assessed Henry's punishment at imprisonment for life, with the possibility of parole. The second appeal, 05-14-00197-CR, was affirmed.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals affirmed the appeal in an opinion delivered on July 10, 2014 a copy of which is attached hereto as Addendum A. Appellant/Petitioner now files his Petition for Discretionary Review.

## SUMMARY OF THE STATEMENT OF FACTS

Appellant/Petitioner was accused of the murder of two men, Brandon Gilstrap and Byron Carter, during the commission of a robbery.

2

## GROUNDS FOR REVIEW RESTATED

**1. The Court of Appeals erred in holding that Henry's automatic new punishment of life with parole on remand did not violate the Eighth Amendment to the United States Constitution based on decisions of this Honorable Court in *Turner v. State*, 443 S.W.3d 128 (Tex. Crim. App. 2014) and *Lewis v. State*, 428 S.W. 3d 860, 863 (Tex. Crim. App. 2014).**

**2. The Court of Appeals erred in holding that the trial court's application of the 2013 amendment to section 12.31 P.C. when resentencing Henry was not an unconstitutional ex post facto application fo the amended law.**

**3. The Court of Appeals erred in holding that Henry's punishment on remand does not violate Henry's right to due process.**

**4. The Court of Appeals erred in holding that Henry's punishment on remand pursuant to the 2013 amendment to section 12.31 P.C. did not constitute unconstitutional "Bill of Attainder."**

## REASONS FOR REVIEW (ARGUMENT)

Petitioner submits that the Court of Appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision. This Court should review these issues because the Court of Appeals has issued an opinion concerning the constitutionality of the retroactive application of the law providing for a life sentence with the possibility of parole to a 17 year old convicted of capital murder while his case was pending appeal in response to the case of *Miller v. Alabama*, 132 S.Ct. 2455 (2012).

3

Appellant moves this Court to reexamine its holdings in these two cases (*Turner v. State,* supra and *Lewis v. State*, supra) as they apply to the case at bar in light of the additional issues raised in this case concerning Henry's challenges;(1) that the law used to assess his new punishment was applied ex post fact; (2) that the new law relating to the assessment of his new punishment violates his right to due process in its retroactive effect; and (3) that law relating to the assessment of his new punishment constitutes a 'Bill of Attainder.'

**1. The Court of Appeals erred in holding that Henry's automatic new punishment of life with parole on remand did not violate the Eighth Amendment to the United States Constitution based on decisions of this Honorable Court in *Turner v. State*, 443 S.W.3d 128 (Tex. Crim. App. 2014) and *Lewis v. State*, 428 S.W. 3d 860, 863 (Tex. Crim. App. 2014).**

ARGUMENT

The Court of Appeals held that this Honorable Court has determined that Henry was not entitled to an individualized sentencing hearing pursuant to the 'Turner' case. Appellant argues excerpts from the *Miller* decision in support of his position that youthful offenders like himself should not be subject to mandatory sentencing legislation of any nature. This is presented in an attempt to persuade reconsideration of this Court's holding in 'Turner' that the *Miller* case does not prevent mandatory life sentences <u>with</u> parole for 17 year old offenders

4

who are convicted of Capital Murder in Texas and to preserve the issue for possible further review in Federal Court if required in the case at bar.

Appellant argues from *Miller* that children are constitutionally different from adults for purposes of sentencing, because juveniles have diminished capacity and greater prospects for reform. It was stated that a child's moral culpability is lessened and enhanced that as the years go by and neurological development occurs the deficiencies will be reformed. An offender's age as made clear in *Graham v. Florida*, 560 U.S. (2010) is relevant to the Eighth Amendment and so "criminal procedure laws that fail to take defendant's youthfulness into account at all would be flawed."

**2. The Court of Appeals erred in holding that the trial court's application of the 2013 amendment to section 12.31 P.C. when resentencing Henry was not an unconstitutional ex post facto application fo the amended law.**

ARGUMENT

There was a defined crime of capital murder without a defined punishment applicable to Appellant due to his age of 17 years at the time of the offense. The newly amended statute Sec.12.31(a) thereby severely increased the punishment to life. Appellant further submits that he should have been prosecuted pursuant to the statutorily defined offense of murder pursuant to sec. 19.01 P.C. that carried a constitutional punishment range of 5-99 years or life confinement

5

and up to a $10,000 fine for a first degree felony offense. This would give the sentencer, judge or jury the necessary discretion to consider all the considerations discussed in '*Miller*' as factors in assessing punishment for 'children' offenders. Additionally, Appellant elected that he be sentenced by a jury and not the Court in such a situation. Appellant argues that he was wrongly and without due process prosecuted for an offense (Capital Murder) that had no constitutional punishment rather than the constitutional offense of murder.

**3. The Court of Appeals erred in holding that Henry's punishment on remand does not violate Henry's right to due process.**

ARGUMENT

Although the state and federal ex post facto clauses are limitations on legislative action, the judicial branch is limited by the same principle pursuant to the state and federal due process clauses; an ex post facto doctrine prohibiting the retroactive application of laws does apply to the judicial construction of laws including both unforeseen constructions as well as clarifications of existing laws. *Lopez v. State*, 928 S.W.2d 528 (Tex. Crim. App. 1996); *State v. Jones*. 192 Wis 2d 78, 532 N.W.2d 79 (1995). This was made clear by the United States Supreme Court, which held that an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law, such as Article I § 10, of the United States Constitution forbids, and that since a state legislature is

6

barred by the Ex Post Facto Clause from passing such a law, it must follow that a state appellate court is barred by the Due Process Clause from achieving precisely the same result by judicial construction. *U.S. v. Staten*, 466 F.3d 708 (9th Cir. 2006). Due process concerns do require that the application of judicial decisions to a pending defendant's case complies with the concepts of notice, foreseeability, and in particular the right to fair warning, *U.S. v. Wade*, 435 F.3d 829 (8th Cir. 2006).

**4. The Court of Appeals erred in holding that Henry's punishment on remand pursuant to the 2013 amendment to section 12.31 P.C. did not constitute unconstitutional "Bill of Attainder."**

ARGUMENT

Two elements of what constitutes a bill of attainder prohibited by the state and federal constitutions are the presence of punishment which as a particular law, provision or action challenged on a bill of attainder grounds is inflicted by an authority other than a judicial authority and the lack of a judicial trial. *State v. Manussier*, 129 Wash 2d 652, 921 P2d 473 (1996), *U.S. v. Patzer*, 15 F3d 944 (10th Cir. 1993) *State v. Hazzard*, 146 Idaho 37, 190 P3d 193 (Ct. App. 2008) *U.S. v. Obrien*, 391 U.S. 367, 88 S.Ct. 1073, 20 L.Ed. 2d. 672 (1968).

A bill of attainder is a legislative act that applies either to named individuals or to easily identifiable member of a group in such a way as to inflict

7

punishment on them without a judicial trial as in the case at bar in that Appellant is a member of an identifiable class of persons under 18 years of age that have been tried and convicted of the adult offense of capital murder in which the mandatory and automatic punishment of life without parole is unconstitutional. The remedy of life with parole as a mandatory and automatic punishment to be applied to Appellant retrospectively is by legislature enactment and not by judicial trial by the sentencer elected by Appellant, the jury. The resulting application of a mandatory sentence of life assessed in this case; is therefore an unconstitutional bill of attainder.

## CONCLUSION

In conclusion, Appellant argues that in Henry's case once the statutory mandatory life without parole sentence was held unconstitutional, there was no statutory sentencing scheme in effect at the time. As a remedy the legislature passed a sentencing scheme of life with parole with a savings clause making the punishment apply retroactively was an ex post facto application of a new punishment. Appellant also argues that this attempted remedy for an unconstitutional sentencing scheme as applied to Henry violated his right to due process and or was effectively a 'Bill of Attainder' as applied to Henry. An unforeseeable judicial enlargement criminal statute, applied retroactively operates

8

like an ex post facto law.  Appellant argues that the application of the retroactive application of the new sentencing scheme is a violation of due process pursuant to Article One, Section Sixteen of the Texas Constitution and Article One Section Nine of the U.S. Constitution by the retroactive application of the new law in the Court of Appeals and now in this petition to be granted for further briefing on the issue.

## PRAYER

For the reasons stated, it is respectfully submitted that the Court of Criminal Appeals should grant this Petition for Discretionary Review and then reverse the judgment, and remand for a new trial.

Respectfully submitted by,


/s/ John Tatum
John Tatum

## CERTIFICATE OF SERVICE

I, JOHN TATUM, do hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review for Petitioner was delivered to Susan Hawk, Criminal District Attorney, Appellate Section, 11th floor, Frank Crowley Criminal Courts Building, Dallas, Texas 75207, on this 4th day of August, 2015.


/s/  John Tatum
JOHN  TATUM

9

## CERTIFICATE OF COMPLIANCE OF WORD COUNT PURSUANT TO APPELLATE RULE OF PROCEDURE 9.4

I certify that this document has 1,802 words pursuant to the definitions of length and content in Rule 9.4. (C)(i)(2)(D)

A. Case Name: Terrance Henry
B. The Court of Criminal Appeals
C. The Type of Document: Petition for Discretionary Review
D. Party for whom the document is being submitted: Appellant
E. The Word Processing Software and Version Used to Prepare the Brief: Word Perfect X7
Copies have been sent to all parties associated with this case.

 /s/ John Tatum        ,August 4th 2015
(Signature of filing party and date)

# CERTIFICATE OF COMPLIANCE

I certify that this submitted e-mail attachment to file Petition for Discretionary Review complies with the following requirements of the Court:

1. The petition is submitted by e-mail attachment;

2. The e-mail attachment is labeled with the following information:

A. Case Name: Terrance Henry
B. The Appellate Case Number: NO. 05-14-00197-CR
C. The Type of Document: Petition for Discretionary Review
D. Party for whom the document is being submitted: Appellant
E. The Word Processing Software and Version Used to Prepare the Motion : Word Perfect X7

3. Copies have been sent to all parties associated with this case.

    /s/ John Tatum            ,August 4th 2015
(Signature of filing party and date)

John Tatum
(Printed name)

John Tatum, Attorney at Law

Emailed Copy of Petition

11

# APPENDIX A